IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHARLES BANISTER,

                      Plaintiff,

  v.                                                      OPINION and ORDER

TANNER JORDIE, OFFICER KLAPP, OFFICER
VAN-HOLLEN, UNIT MANAGER BROWN,           25-cv-844-jdp
COMPLAINT EXAMINER GROFF,

                      Defendants.

---

Plaintiff Charles Banister, proceeding without counsel, alleges that several officers at Wisconsin Secure Program Facility deprived him of his kufi and his prayer schedule, burdening his ability to practice his Muslim faith. He asserts claims under both the Free Exercise Clause of the First Amendment and the Religious Land Use and Institutionalized Persons Act (RLUIPA).

The complaint is before the court for screening under 28 U.S.C. §§ 1915(e)(2) and 1915A, which require the court to dismiss any claim that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. When screening the complaint of a plaintiff without counsel, I accept the allegations as true and read the complaint liberally. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). But Banister must still "plead a plausible claim for relief," *Balle v. Kennedy*, 73 F.4th 545, 557 (7th Cir. 2023), which means that he must provide fair notice of his claim and raise his right to relief above the level of speculation, *McCray v. Wilkie*, 966 F.3d 616, 620 (7th Cir. 2020). Stated another way, Banister must "present a

story that holds together" under the relevant law. *Taylor v. Salvation Army National Corporation*, 110 F.4th 1017, 1028 (7th Cir. 2024).

It is not reasonable to infer from Banister's allegations that any of the defendants imposed a substantial burden on Banister's religious exercise, so I will dismiss the complaint. But I will give Banister an opportunity to file an amended complaint that addresses the problems identified in this order.

ALLEGATIONS OF FACT

I draw the following allegations from Banister's complaint, and I draw all reasonable inferences in his favor.

Banister practices the Muslim faith. On April 8, 2025, Banister was placed in segregation after getting into a fight. On April 16, Banister received "pre-approved" property items, including his Qur'an, prayer rug, and prayer oil. But two items that he needed for salat prayer were missing: (1) his kufi (religious headwear); and (2) his prayer schedule, which tells him what time he needs to pray each day. There are no windows in segregation cells, so Banister could not use the sun to determine prayer times.

Banister wrote defendants Jordie and Klapp, the officers who packed up his property and delivered it to his segregation cell. (Banister does not say how Jordie and Klapp determined what property Banister was allowed to have in segregation.) Jordie responded, "Per policy it is up to the unit manager if you get those religious items." In response, Banister wrote defendant Brown, the unit manager, who responded that he gave Banister's request to the sergeant. The next day defendant Van-Hollen brought Banister his kufi. (Banister does not say what Van-Hollen's title is, but I assume he is the "sergeant" that Brown mentioned.) But Van-Hollen

2

said that he could not find the prayer schedule, so if Banister wanted a new schedule, he could write the chaplain.

Banister filed a grievance, which was reviewed by defendant Goff, the inmate complaint examiner. Goff recommended dismissal of the grievance, falsely stating that Banister "had unauthorized masking tape" on his prayer schedule. The grievance was dismissed on appeal on the ground that "it is unreasonable under these circumstances to expect staff to search for an alleged looseleaf piece of paper."

Banister was in segregation for 50 days, and he did not have his prayer schedule during any of that time.

ANALYSIS

Banister alleges that each of the defendants was involved in depriving him of two objects that he needed to pray while he was housed in segregation: (1) his kufi; and (2) his prayer schedule.

A prisoner's First Amendment free exercise claim generally has two elements in this circuit: (1) the defendant imposed a substantial burden on the prisoner's sincere exercise of religion; and (2) the defendant's conduct is not reasonably related to a legitimate penological

interest. *See Thompson v. Holm*, 809 F.3d 376, 379 (7th Cir. 2016).[1] Under RLUIPA, the prisoner must also show that the defendants imposed a substantial burden on his sincere religious exercise. *See* 42 U.S.C. § 2000cc-1(a)(1)–(2); *West v. Hoy*, 126 F.4th 567, 573 (7th Cir. 2025). If he makes that showing, the burden shifts to the defendants to show that their actions further a compelling governmental interest by the least restrictive means. *Id.*

It is not reasonable to infer from Banister's allegations that any of the defendants imposed a substantial burden on his religious exercise. As an initial matter, none of the defendants confiscated Banister's religious items. Banister alleges that Jordie and Klepp were responsible for packing up his belongings and returning approved items to his cell in segregation, but he does not allege that any approved items were intentionally omitted. Even if I assume that Jordie and Klepp were negligent in failing to include Banister's kufi and prayer schedule, officers may not be sued under the First Amendment or RLUIPA for negligent conduct. *See Kyles v. Mohr*, No. 24-1859, 2025 WL 1672873, at *2 (7th Cir. June 13, 2025); *Lovelace v. Lee*, 472 F.3d 174, 194 (4th Cir. 2006).

After Banister told defendants what items he was missing, they did not simply ignore him. Rather, Banister admits that Van-Hollen retrieved Banister's kufi for him. It is true that Van-Hollen failed to retrieve the prayer schedule, but he did look for it, so this again suggests

---

[1] There is usually another element in free exercise cases, which is that the defendant's conduct was discriminatory, or more specifically, that the conduct was not pursuant to a neutral and generally applicable rule. *See Mahmoud v. Taylor*, 606 U.S. 522, 564 (2025). But the court of appeals generally does not consider that element in the prison context. *See, e.g., Neely-Bey Tarik-El v. Conley*, 912 F.3d 989, 1003 (7th Cir. 2019); *Thompson*, 809 F.3d at 379; *but see Borzych v. Frank*, 439 F.3d 388, 390 (7th Cir. 2006) (applying discrimination requirement), and *Lewis v. Sternes*, 712 F.3d 1083, 1085 (7th Cir. 2013) (stating that it is an open question whether prisoners must prove discrimination on a Free Exercise claim). For the purpose of screening, I will assume that Banister does not have to show that defendants were discriminating against him because of his religion.

possible negligence at most, not an intentional deprivation of Banister's religious rights. In any event, the officers who failed to help Banister referred him to someone they believed could help him. For example, when Van-Hollen said that he could not find the prayer schedule, he told Banister that he could ask the chaplain to prepare a new schedule. Banister does not allege that the piece of paper itself had any religious significance. Rather, the paper was important because the information on it allowed Banister to pray in accordance with his beliefs. Banister does not allege that he had any reason to believe that the chaplain would not prepare a new schedule for him, so it is not reasonable to infer that any of the defendants imposed a substantial burden on his religious exercise.

    The general rule is that the court should give plaintiffs an opportunity to amend their complaint before dismissing the case with prejudice. *L. Offs. of David Freydin, P.C. v. Chamara*, 24 F.4th 1122, 1133 (7th Cir. 2022). So if Banister believes that he can add allegations showing that one or more of the defendants imposed a substantial burden on his religious exercise, he may file an amended complaint.

ORDER

IT IS ORDERED that the complaint is DISMISSED for failure to state a claim. Plaintiff Charles Banister may have until January 5, 2026, to file an amended complaint that fixes the problems identified in this order. If Banister does not respond by then, I will dismiss the case with prejudice, direct the clerk of court to enter judgment, and record a "strike" under 28 U.S.C. § 1915(g). *See Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011).

Entered December 16, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge