IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

CHARLES BANISTER,

Plaintiff,

v.

OPINION and ORDER

TANNER JORDIE, JULES KLAPPS, and DANIEL GOFF,

25-cv-844-jdp

Defendants.[1]

Plaintiff Charles Banister, proceeding without counsel, alleges that prison staff members Tanner Jordie and Jules Klapps refused to provide him with his prayer schedule while he was in segregation in April and September 2025, in violation of the Constitution and the Religious Land Use and Institutionalized Persons Act (RLUIPA). Banister also alleges that Daniel Goff denied his grievance about the prayer schedules based on false evidence.

Defendants move for summary judgment on the ground that plaintiff did not exhaust his administrative remedies, as required by 42 U.S.C. § 1997e(a). Dkt. 18. Banister concedes that he did not exhaust his administrative remedies on his claim against Goff and that his claim against Goff should be dismissed. Dkt. 27, at 2–3. So I will grant defendants' summary judgment motion on the claim. In accordance with *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004), the dismissal will be without prejudice.

As for the claims against Jordie and Klapps, defendants raise one objection for the April 2025 claim and two objections for the September 2025 claim. For both claims, defendants

[1] I have amended the caption to reflect the defendants' full and accurate names, as identified in the Wisconsin Department of Justice's acceptance of service form. Dkt. 10.

contend that plaintiff did not file grievances that match the claims filed in this case. But prison records show that Banister filed grievances after both incidents in which he complained that staff were refusing to provide him with his prayer schedules, which he needed for his religious exercise. Dkt. 20-3 and Dkt. 20-4. That was enough to provide notice to the prison of "the nature of the wrong for which redress is sought," which is all that was required. *See Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002).

Defendants' reliance on *Dye v. Kingston*, 130 F. App'x 52, 55 (7th Cir. 2005), is misplaced, for two reasons. First, *Dye* was nonprecedential and is not citable as even persuasive authority. Seventh Circuit Rule 32.1 ("No order of this court issued before January 1, 2007, may be cited except to support a claim of preclusion (res judicata or collateral estoppel) or to establish the law of the case from an earlier appeal in the same proceeding."). Second, the problem in *Dye* was that the prisoner's grievance had failed to identify the effect that the denied property had on his religious exercise. In this case, Banister explained the importance of daily prayer to his faith and that he needed the schedule to pray in accordance with his faith. Dkt. 20-3, at 12. So *Dye* is not instructive.

Defendants say that Banister could not have exhausted this claim because his grievance resembles his original complaint in this case, and I dismissed the original complaint for failure to state a claim. But this is comparing apples and oranges. The problem with the original complaint was that it did not support all the elements of Banister's claims under the First Amendment and RLUIPA. Dkt. 6. But Wisconsin prison rules do not require prisoners to establish a violation of federal law in their grievance. "All the grievance need do is object intelligibly to some asserted shortcoming." *Strong*, 297 F.3d at 650. "[T]he grievant need not lay out the facts, articulate legal theories, or demand particular relief." *See Riccardo v. Rausch*,

375 F.3d 521, 524 (7th Cir. 2004). So it was enough for Banister to explain in his grievance that the lack of a prayer schedule was interfering with his religious exercise. I will deny defendants' summary judgment motion on Banister's claim arising out of the April 2025 denial of his prayer schedule.

Defendants raise an additional objection to the September 2025 claim, which is that Banister said nothing in his administrative appeal about his prayer schedule, so he did not complete the exhaustion process on that issue. But even if that is true, it does not matter. "[P]risoners need not file multiple, successive grievances raising the same issue." *Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013). The problem alleged in September 2025 was virtually identical to the problem alleged in April 2025: after Banister was transferred to segregation, Jordie and Klapps refused to give Banister his prayer schedule. Banister successfully completed the administrative exhaustion process for his April 2025 grievance, so he did not need to file a new grievance when the same conduct recurred a few months later. I will deny defendants' summary judgment motion on this claim.

## ORDER

IT IS ORDERED that:

1. Defendants' motion for summary judgment, Dkt. 18, is GRANTED in part and DENIED in part. The motion is granted on Charles Banister's claim that Daniel Goff denied Banister's grievance related to the April 2025 incident, in violation of

the Free Exercise Clause and RLUIPA. That claim is DISMISSED without prejudice. The motion is DENIED in all other respects.

2. Daniel Goff is DISMISSED from the case.

3. The clerk of court is directed to amend the docket to reflect each of the defendants' full names as identified in the Wisconsin Department of Justice's acceptance of service form. Dkt. 10.

Entered September 1, 2026.

BY THE COURT:

/s/

JAMES D. PETERSON
District Judge